**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EFREN GARCIA LOPEZ,

                        Petitioner,

            v.

LUIS SOTO, *et al.*,

                        Respondents.

Civil Action No. 26-7908 (JXN)

**OPINION**

<u>**NEALS**</u>, <u>District Judge</u>

Before the Court is Petitioner Efren Garcia Lopez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Also before the Court is Petitioner's Motion for Temporary Restraining Order. (ECF No. 2.) Respondents ("Government") opposed (ECF No. 6), and Petitioner replied (ECF No. 7). The Court considered the parties' submissions in support of and opposition to the Petition and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Petition is **DENIED**.

I.      <u>**BACKGROUND**</u>

Petitioner, a Mexican native, unlawfully entered the United States in 2002. (Habeas Pet. at 1, ECF No. 1.) In February 2022, an Immigration Judge ("IJ") granted Petitioner voluntary departure by June 6, 2022. (Gov't Opp'n at 1, ECF No. 6; *see* Gov't Ex. 2, ECF No. 6-2.) The IJ indicated the Government determined Petitioner was subject to removal and Petitioner applied for "voluntary departure in lieu of removal." (Gov't Ex. 2 at 3.) The decision also informed Petitioner

that if he failed to depart as required, the voluntary departure would be withdrawn without further notice, and an order of removal would become immediately effective. (*Id.*)

In the Petition, Petitioner failed to acknowledge the grant of voluntary departure; however, in his reply, Petitioner concedes that he failed to depart from the United States by the July 7, 2022, deadline. (*See* Pet. Reply at 1–2.) When Petitioner failed to depart on July 7, 2022, his voluntary departure automatically converted to a final order of removal.

Years later, on June 27, 2026, immigration authorities arrested Petitioner on an administrative warrant of removal. (Gov't Opp'n at 2.) Petitioner has been detained pursuant to a final order of removal since then.

On June 29, 2026, Petitioner filed the instant Petition arguing, among other things, that the Government may not detain him under 8 U.S.C. § 1225(b)(2), and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* Habeas Pet.) On July 6, 2026, the Government filed a letter answer arguing that Petitioner is lawfully detained and is subject to a reinstated final order of removal under 8 U.S.C. § 1231(a)(5), which requires the removal of "an alien [who] has reentered the United States illegally after . . . having departed voluntarily, under an order of removal." (Gov't Opp'n at 2.) Petitioner replied, arguing that his final order of removal cannot be reinstated because he never departed from the country, but conceding that his voluntary departure order converted to a final order of removal on July 7, 2022. (*See generally* Pet. Reply.)

## II.    **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v.*

2

*Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction over habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner has the burden to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   DISCUSSION

In his Petition, Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225(b)(2). (*See generally* Habeas Pet.) In response, the Government submits that Petitioner is not detained under 8 U.S.C. § 1225(b)(2), rather he is detained under 8 U.S.C. § 1231(a) pursuant to a reinstated final order of removal. (*See generally* Gov't Opp'n.) In his reply brief, Petitioner concedes he has been subject to a final order of removal since July 7, 2022, when he failed to depart pursuant to his voluntary departure agreement. (*See generally* Pet. Reply.)

The Court finds that the record shows Petitioner is subject to a July 7, 2022, final order of removal and is detained under 8 U.S.C. § 1231(a). § 1231 states, in relevant part, that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This ninety-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

The removal period begins on the latest of the following:

(i)   The date the order of removal becomes administratively final.

(ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii)   If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's ninety-day mandatory "removal period" concluded on October 5, 2022, 90 days after his order of removal became administratively final on July 7, 2022. 8 U.S.C. § 1231(a)(1)(B)(i).

Immigration and Customs Enforcement ("ICE") is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas*, the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

Petitioner's detention—measured from his June 27, 2026 detention—falls far short of six months, rendering his claim premature. Additionally, Petitioner "has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto*, No. 26-cv-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

## IV.    CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED** and the Motion for Temporary Restraining Order (ECF No. 2) is **DISMISSED as moot**. An appropriate Order accompanies this Opinion.


**DATED**: 7/23/2026

**JULIEN XAVIER NEALS**
**United States District Judge**

4